IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AKZENTA PANEELE + PROFILE
GMBH,

   Plaintiff,

    v.

IVC US, INC., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:17-CV-3600-TWT

## OPINION AND ORDER

This is a patent infringement case. It is before the Court on the Defendants IVC US, Inc. and IVC N.V.'s Motion to Dismiss, or in the Alternative, Stay the Action [Doc. 22]. For the following reasons, the Defendants' Motion to Stay is GRANTED, and the Motion to Dismiss is taken under advisement.

### I. Background

The Plaintiff, Akzenta Paneele + Profile GmbH, is a German corporation that is also a wholly-owned subsidiary of W. Classen GmbH & Co. KG, another German company.[1] Together, they form part of the Classen Group, a collection of companies that manufactures, distributes, and sells flooring products.[2]

---

    [1]    Compl. at ¶¶ 2, 40.

    [2]    *Id.* at ¶ 40.

Frequently, rather than commercialize their own products, the Classen Group companies choose to license their technology to others in the field.[3] In 2012, Akzenta, Classen GmbH, and two other Classen subsidiaries (collectively, the "Classen Parties") entered into a license agreement with Välinge Innovation AB and Välinge Innovation Belgium BVBA (collectively, "Välinge") for some of Akzenta's flooring-related patents, including the four which are at issue here.[4] The agreement allowed Välinge to grant sub-licenses for these patents to third parties, except that Välinge could not grant sub-licenses to a specific group of competitors, known collectively as Unilin, without prior approval.[5] This prohibition not only included Unilin itself, but also any of Unilin's "connected undertakings."[6]

At some point in 2015, Välinge sub-licensed the four asserted patents to the Defendants: IVC N.V., a Belgian corporation, along with its American subsidiary, IVC U.S., (collectively, the "IVC Group").[7] The IVC Group manufactures a flooring product that it sells under the trade name "Moduleo."[8]

---

[3] *Id.* at ¶ 41.

[4] *Id.* at ¶ 42. The patents at issue are U.S. Patent Nos. 7,146,772; 8,544,231; 9,175,475; and 9,695,851.

[5] *Id.*

[6] *Id.*

[7] *Id.* at ¶ 46.

[8] *Id.* at ¶¶ 3-7.

According to the Complaint, the IVC Group has been manufacturing and selling Moduleo since at least 2012.[9] Moduleo is a luxury vinyl flooring tile with a mechanical locking system that allows floor panels to be installed easily and without adhesives, which Akzenta claims infringes on its patented technology.[10]

In June of 2015, the IVC Group was acquired by Mohawk Industries, Inc., which had also owned Unilin since 2005.[11] When the Classen Parties discovered this, they wrote to Välinge on December 4, 2015, to inform Välinge that its sub-license to the IVC Group was invalid, because the Classen Parties believed the IVC Group and Unilin to be "connected undertakings."[12] As a result, the Classen Parties believed the IVC Group was using its patent without proper authorization.

On March 18, 2016, the Classen Parties began arbitration against Välinge in Germany, seeking a determination that Välinge violated its license agreement with the Classen Parties by attempting to sub-license the patents to Unilin and its connected undertakings, including the IVC Group.[13] A two-day hearing was held in September 2017, and final post-trial briefing was completed

---

[9] *Id.* at ¶ 60.

[10] *Id.* at ¶¶ 55-59.

[11] *Id.* at ¶¶ 43-44.

[12] *Id.* at ¶¶ 42, 47.

[13] Pl.'s Resp. to Defs.' Mot. to Dismiss, at 5 [Doc. 30].

in October 2017.[14] On September 18, 2017, Akzenta initiated this action against the IVC Group. The IVC Group now moves to dismiss this action, or in the alternative, to stay the action pending the outcome of the arbitration between the Classen Group and Välinge.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[15] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[16] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[17] Generally, notice pleading is all that is required for a valid complaint.[18] Under notice

---

[14] *Id.*

[15] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

[16] *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).

[17] *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[18] *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986).

pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[19]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[20] The decision to do so is "one left to the district court . . . as a matter of its discretion to control its docket."[21] However, courts must be careful to "limit properly the scope of the stay," and it must not be "immoderate."[22] "In considering whether a stay is 'immoderate,' [the Eleventh Circuit] examine[s] both the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay."[23]

### III. Discussion

The Defendants first argue that the case should be stayed because a final determination in the German arbitration is imminent. Both parties agree that the ultimate issue of that proceeding is validity of Välinge's sub-license to the

---

[19] *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

[20] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[21] *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20, n.23 (1983). *See also CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (establishing abuse of discretion standard).

[22] *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000).

[23] *Id.*

IVC Group. However, Akzenta counters that this action should not be stayed because it is also asserting infringement that pre-dates any potential sub-license. Therefore, according to Akzenta, the panel's decision on that issue will not be completely dispositive of the issues in this case.

Even so, Akzenta cannot possibly dispute the fact that the validity of the sub-license is at least a central issue here, if not *the* central issue, and the outcome of the arbitration proceeding has the potential to dramatically simplify the issues in this litigation. By contrast, were the Court to move forward in addressing the merits of this case, it would increase the "possibility of inconsistent outcomes," potentially lead the parties to "incur unnecessary expenses," and generally complicate the course of this litigation.[24] And given that all of the substantive proceedings in the arbitration occurred five months ago – before this action was ever filed – a decision by the arbitral panel is expected relatively soon. The Court, therefore, finds that a stay in this case is warranted.

But at the same time, the Court cannot stay this litigation 'til Kingdom come, and just like the Day of Judgment, no one knoweth the hour nor the day when the panel's decision will arrive. In order to avoid unnecessary delay, the Court also directs the parties to report to the Court on the status of the

---

[24] *Chemence, Inc. v. Quinn*, No. 1:11-CV-01366-RLV, 2012 WL 12873615, at *6 (N.D. Ga. Oct. 15, 2012).

arbitration proceedings three months from the date of this Order if a final decision has not yet been rendered.

## IV. Conclusion

For the reasons stated above, the Defendants' Motion to Stay is GRANTED, and the Motion to Dismiss is taken under advisement. This action is hereby STAYED pending a final resolution of the related arbitral proceedings in Germany. The parties are also ORDERED to report to the Court on the status of the arbitration within three months from the date of this Order.

SO ORDERED, this 20 day of February, 2018.

                      /s/Thomas W. Thrash
                      THOMAS W. THRASH, JR.
                      United States District Judge